UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRENCH MASON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-20-JD-MGG |
| WILLIAM HYATTE, et al., | |
| Defendants. | |

OPINION AND ORDER

French Mason, a prisoner without a lawyer, filed a complaint against twelve defendants. ECF 1. He has also filed an emergency motion for a temporary restraining order. ECF 6. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Mason states that, on March 28, 2020, at about 2:55 a.m., he had a seizure in his cell. ECF 1 at 3. Mason's cellmate notified Officer Zack Bullock and told him Mason needed medical help. *Id*. However, Officer Bullock approached Mason's cell, he observed that Mason was not having a seizure and called for additional correctional officers to assist him. *Id*. When Officers Brandon Johnson and Francis Dale

arrived at Mason's cell, they ordered Mason's cell door to be opened and his cellmate to be removed from the cell. *Id*. After removing his cellmate, Mason claims that Officers Bullock, Johnson, Dale, Cory Emery, Shannon Evans, Alisha Conley, Charles Calvert, and E. Gordon maliciously, sadistically, and repeatedly tased him a dozen or more times, sprayed him with chemical agents, and pushed him down the stairs with the intent to end his life. *Id*. at 4. He states he had multiple injuries from the assault, including a concussion, head lacerations, along with bruises, burns, and abrasions to his arms, chest, legs, and back. *Id*. Mason asserts his feet had scarring on them from being dragged on concrete barefooted while he was unconscious. *Id*. He states he also suffered from a respiratory infection from the chemical agents, spent a week in the hospital, and had to use a wheelchair because he could not stand on his legs for very long. *Id*.

Mason claims that, in order to justify their actions, Officers Bullock, Johnson, and Dale fabricated their incident reports by claiming three conflicting narratives. ECF 1 at 4. He states that one report indicated he was found on the floor of his cell assaulting his cellmate and threw an unidentified object at the officers when they entered his cell. *Id*. A second report indicated that Mason was being assaulted by other inmates and a third report stated that he was high on Fentanyl. *Id*. However, Mason claims he was having a seizure, unconscious, and no threat to the officers when they arrived in his cell and used excessive force against him. *Id*. He states the officers are members of the prison's emergency response team and have used excessive force against other inmates in the past. *Id*.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mason the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment claim of excessive force against Officers Johnson, Dale, Bullock, Emery, Evans, Conley, Calvert, and Gordon for repeatedly tasing him a dozen or more times and spraying him with chemical agents while he was having a seizure.

Mason has also asserted a state law claim for assault and battery against Officers Johnson, Dale, Bullock, Emery, Evans, Conley, Calvert, and Gordon. ECF 1 at 6. Under the Indiana Tort Claims Act, a tort claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and its risk management commission within 180 days of the loss. *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); Ind. Code § 34-13-3-8. The notice requirement applies not only to political subdivisions but also to employees of political subdivisions. *Id.* However, Mason's complaint does not include any allegations that he complied with the notice requirements of the Indiana Tort Claims Act. Thus, his state law claim will be dismissed.

Next, Mason has sued Warden William Hyatte, Deputy Warden George Payne, and Major Powell. ECF 1 at 6. Here, he claims they knew about the officers practice of using excessive force on inmates but failed to take disciplinary action against them or control their behavior. *Id*. A § 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). And there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks*, 555 F.3d at 594. Because Warden Hyatte, Deputy Warden Payne, and Major Powell were not personally involved in the incident, they cannot be held liable simply because they oversee the operation of the prison or supervise prison staff. Therefore, Mason cannot proceed against them.

Furthermore, Mason has sued Nurse Joyce A. Kline. ECF 1 at 6. He asserts she conspired with the defendants by placing misinformation in his medical file to show his injuries were not serious in an effort to cover up their actions. *Id*. However, Mason has not adequately alleged a conspiracy claim. *See Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) (observing that "a bare allegation of conspiracy" is not enough to survive dismissal). Therefore, he may not proceed on his claim against Nurse Kline.

As a final matter, Mason has filed an emergency motion seeking a temporary restraining order and preliminary injunction. ECF 6. In his motion, Mason asserts that Warden Hyatte, Officers Bullock, Calvert, and Johnson, along with the facility's guards refused to allow him access to the law library, engaged in retaliatory actions against him, and failed to provide him with proper medical treatment. *Id*. at 1-6. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the

4

merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC,* Inc., 555 U.S. 7, 20 (2008). However, Mason's request for injunctive relief is based on allegations that are outside the scope of his claims in this case. Therefore, his motion will be denied.

For these reasons, the court:

(1) DENIES French Mason's emergency motion for a temporary restraining order (ECF 6);

(2) GRANTS French Mason leave to proceed against Officers Brandon Johnson, Francis Dale, Zack Bullock, Cory Emery, Shannon Evans, Alisha Conley, Charles Calvert, and E. Gordon in their individual capacities for compensatory and punitive damages, for repeatedly tasing him a dozen or more times and spraying him with chemical agents while he was having a seizure, in violation of the Eighth Amendment;

(3) DISMISSES Warden William Hyatte, Deputy Warden George Payne, Major Powell, and Nurse Joyce A. Kline;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officers Brandon Johnson, Francis Dale, Zack Bullock, Cory Emery, Shannon Evans, Alisha Conley, Charles Calvert, and E. Gordon at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant that does not waive service, if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officers Brandon Johnson, Francis Dale, Zack Bullock, Cory Emery, Shannon Evans, Alisha Conley, Charles Calvert, and E. Gordon respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 18, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT