UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRENCH MASON,

    Plaintiff,

    v.       CAUSE NO. 3:21-CV-20-JD-MGG

ZACK BULLOCK, et al.,

    Defendants.

OPINION AND ORDER

French Mason, a prisoner without a lawyer, is proceeding in this case "against Officers Brandon Johnson, Francis Dale, Zack Bullock, Cory Emery, Shannon Evans, Alisha Conley, Charles Calvert, and E. Gordon in their individual capacities for compensatory and punitive damages, for repeatedly tasing him a dozen or more times and spraying him with chemical agents while he was having a seizure, in violation of the Eighth Amendment[.]" ECF 8 at 5. The defendants filed a motion for summary judgment, arguing Mason did not exhaust his administrative remedies before filing suit. ECF 55. Mason filed a response and the defendants filed a reply. ECF 81, 82. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

2

However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). "[A] remedy is not 'available' within the meaning of the Prison Litigation Reform Act to a person physically unable to pursue it." *Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011).

The defendants argue Mason did not exhaust his administrative remedies prior to filing this lawsuit because he never submitted a timely grievance regarding the defendants' conduct and, to the extent he was unable to timely submit a grievance, he never requested a time limit extension from the grievance office. ECF 53 at 7. Specifically, the defendants provide evidence showing the following: The events at issue occurred on March 28, 2020. ECF 55-1 at 10; ECF 55-6 at 2, 4. Mason had ten business days from the date of the incident to submit a grievance. ECF 55-2 at 9; ECF 55-3 at 9. Following the incident, Mason was taken to the hospital for several days and then returned to the prison's infirmary on April 4, 2020. ECF 55-1 at 10. On April 30, 2020, the grievance office received two formal grievances from Mason complaining of the defendants' conduct, which were dated April 20, 2020, and April 28, 2020. *Id.*; ECF 55-6 at 2, 4. The grievance office returned these grievances to Mason as untimely. ECF 55-1 at 10; ECF 55-6 at 1, 3. Mason continued to submit additional untimely grievances regarding the defendants' conduct, but he never requested a time limit extension from the grievance office. ECF 55-1 at 10.

Mason concedes he did not timely submit any grievance regarding his claim in this lawsuit. ECF 81. Instead, he responds he was unable to timely submit a grievance because he was hospitalized for eight days and then placed on quarantine for two

3

weeks following the incident. *Id.* at 5-7. The defendants argue that, even accepting as true that Mason was unable to timely submit a grievance, it is undisputed he did not comply with the Offender Grievance Process' procedure to request a time limit extension. ECF 53 at 7. Specifically, the Offender Grievance Process provides: "If there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review. The Warden/designee shall approve or deny such offender delay requests." ECF 55-2 at 13; ECF 55-3 at 13. The Grievance Specialist attests Mason never submitted a request for a time limit extension. ECF 55-1 at 11. Mason responds that he wrote on several "Return of Grievance" forms that a staff person believed he should have additional time to submit his grievance (ECF 81 at 9; ECF 81-2 at 22, 28), but this does not comply with the Offender Grievance Process' procedure to request a time limit extension. Mason does not dispute the Offender Grievance Process had a provision to request a time limit extension or that he was aware of that provision,[1] and he provides no evidence he ever submitted a proper request for a time limit extension. Because Mason had the opportunity to request a time

---

[1] Mason does argue the Offender Grievance Process changed while he was in the hospital and he was not informed of the changes. ECF 81 at 7; ECF 81-2 at 8. However, because the Offender Grievance Process' procedure to request a time limit extension did not change and Mason has not explained how any change to the Offender Grievance Process prevented him from exhausting his remedies, this argument is not material. *See* ECF 55-2 at 13; ECF 55-3 at 13.

4

limit extension and did not do so, he had available administrative remedies that he failed to exhaust.

Because it is undisputed Mason did not submit a timely grievance or comply with the Offender Grievance Process' procedure to request a time limit extension, the undisputed evidence shows Mason failed to exhaust available administrative remedies prior to filing this lawsuit. Summary judgment must be granted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 55);

(2) DISMISSES this case without prejudice; and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against French Mason and to close this case.

SO ORDERED. April 7, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT